## S92A1475. WILLIAMS v. THE STATE.
(424 SE2d 624)

FLETCHER, Justice.

Ricky B. Williams was indicted with Bennie Stokes for the malice murder, felony murder, and aggravated assault of Thomas Williams III. The evidence shows that Stokes grabbed a bag of cocaine, shot the victim five times, and attempted to shoot another man in the apartment where they had been bagging cocaine. Ricky Williams testified that he was talking on the telephone when Stokes entered the apartment and fled to escape the shooting. Williams denied knowing Stokes, participating in the crimes, or taking a money bag. The jury convicted Williams of felony murder and aggravated assault. Williams contends that the evidence was insufficient to support the verdict and that a police officer's reference to a rap sheet improperly put his character into evidence. We reject both arguments, affirm the murder conviction, but set aside the aggravated assault conviction as a lesser included offense of felony murder.[1]

1. Participants to a crime may be convicted although they are not the person who directly commits the crime. OCGA § 16-2-20. The jury may infer criminal intent from conduct before, during, and after the commission of the crime. *Sands v. State,* 262 Ga. 367 (418 SE2d 55) (1992). Reviewing the evidence in the light most favorable to the jury's verdict, we hold that a rational trier of fact could have found Williams guilty of the murder and assault for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

An eyewitness to the murder testified that Williams complied momentarily when Stokes commanded that they get down on the floor, but then jumped up and was never told to get back down. The witness recalled hearing at least five shots, seeing Williams grab the black bag that usually held money, fumble to unlock the door, and leave with Stokes. Williams testified that he returned to the apartment parking lot an hour later to pick up his car, but failed to talk to

---

[1] The crimes were committed on July 27, 1991, and Williams was indicted on September 6, 1991. On December 5, 1991, the jury convicted him and the judge sentenced him to life imprisonment for murder and 20 years for aggravated assault with the sentences to run concurrently. He filed a motion for a new trial on December 30, 1991, which was denied on April 23, 1991. Williams filed an out-of-time notice of appeal on June 8, 1991, which was granted. The case was docketed on August 27, 1992, and submitted for decision on briefs without oral argument on October 9, 1992.

police about his presence during the shooting. While in custody he identified Stokes as the gunman, whose name he said he obtained from his girl friend who learned it from a school friend. The manager of a local motel testified that he saw Williams and Stokes together several times in July 1991, although he knew them by different names. From this evidence, a jury could conclude that Williams knew Stokes and could have planned the crimes with him. Sufficient evidence existed for the jury to find Williams guilty beyond a reasonable doubt as a party to the crimes.

2. Williams also claims that the trial court erred in failing to grant a mistrial, claiming that a police officer's reference to Williams' rap sheet improperly placed his character into evidence.[2] The trial court offered to give a curative jury instruction, but Williams declined the offer. This court has held that testimony that a police officer pulled a file on a suspect to obtain his address fell into the "category of permissible disclosures that police files contain information on defendants." *Kettman v. State*, 257 Ga. 603, 607-608 (362 SE2d 342) (1987). Similarly, we conclude that the officer's testimony that he learned of Williams' address from a police file does not improperly place Williams' character into evidence.

3. A jury may not convict a defendant of both felony murder and the underlying felony alleged by the indictment to support the conviction of felony murder. *Zackery v. State*, 257 Ga. 442, 443 (360 SE2d 269) (1987). The record reflects the aggravated assault conviction was the underlying felony for Williams' conviction of felony murder and, therefore, merged into the felony murder conviction. Accordingly, we vacate the conviction and sentence for aggravated assault. *Johnson v. State*, 254 Ga. 591, 596 (331 SE2d 578) (1985).

*Judgment affirmed in part and reversed in part. Clarke, C. J., Hunt, P. J., Benham, Sears-Collins and Hunstein, JJ., concur.*

DECIDED JANUARY 15, 1993.

*Gregory Homer,* for appellant.

*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf,*

---

[2] During the cross-examination of the investigating officer, Williams' attorney asked:
   Q. On the tape right at the end, Mr. Williams indicated that someone was going to take him home. I think you said Joyland, that's your home. Did you know that Mr. Williams lived in Joyland?
   A. His rap sheet listed a Joyland Road address.

*Assistant Attorney General,* for appellee.