## S95A0949. SIMPSON v. THE STATE.

(461 SE2d 210)

THOMPSON, Justice.

Lonnie Simpson, Jr. was convicted of malice murder and possession of a firearm during the commission of a crime, in connection with the shooting death of DeMarco Jackson.[1]

Simpson's sole contention on appeal is that the evidence was insufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to establish his guilt as a party to the crimes.

Considering the evidence in a light most favorable to the verdict, it was established that the defendant shared a home with his cousin Milo Simpson (the shooter), and Terrance Williams.[2] Milo and the victim previously had been involved in an altercation during which the victim threatened to shoot Milo.

Earlier in the day of the shooting, the defendant and Milo purchased .38 caliber bullets to fit the revolver used in the shooting. Later that night, the defendant, Milo and Terrance were at home along with a friend, Michael Bowman. The defendant observed the victim walking past the house, pointed him out to the others and suggested that they fight him. He instructed Milo to get a gun from the back room; Milo loaded the gun in the defendant's presence. The four then left the house in pursuit of the victim; Milo was armed with the loaded gun. Upon reaching the victim, the defendant and Michael separated from Milo and Terrance. Milo approached the victim with his gun in hand. The victim fell to the ground and pleaded for his life, whereupon Milo fired five shots into his body, fatally wounding him. The defendant stood at a nearby street corner; Milo handed him the gun as they fled the scene. The defendant testified that Milo had a duty to confront the victim "to get his manhood back, because [the victim] had pulled a gun on him before."

While mere presence at the scene and approval of a crime not amounting to encouragement is insufficient to authorize conviction as a party to a crime under OCGA § 16-2-20 (4), "criminal intent may be inferred from conduct before, during, and after the commission of the

---

[1] The crimes occurred on May 16, 1994. Simpson was indicted on June 30, 1994 for malice murder and possession of a firearm during the commission of the crime of murder. He was tried on December 7-9, 1994, and was found guilty as charged. He was sentenced on December 12, 1994 to life imprisonment and five consecutive years of incarceration. A motion for new trial was filed on January 5, 1995, and denied on February 27, 1995. A notice of appeal was filed on March 2, 1995, and the appeal was docketed in this Court on March 16, 1995. The case was submitted for decision on briefs on May 31, 1995.

[2] The defendant was indicted jointly with Milo Simpson and Terrance Williams. Milo Simpson pled guilty to malice murder and testified as a witness for the State; Terrance Williams testified under a grant of immunity.

crime." *Sands v. State,* 262 Ga. 367, 368 (2) (418 SE2d 55) (1992). A jury could infer from the defendant's conduct throughout the day of the shooting that he intentionally advised, encouraged and counseled Milo to murder DeMarco Jackson. Sufficient evidence existed for the jury to find the defendant guilty beyond a reasonable doubt as a party to the crimes of malice murder and possession of a firearm during the commission of a crime. *Williams v. State,* 262 Ga. 677 (1) (424 SE2d 624) (1993).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 11, 1995.

*Dwight H. May,* for appellant.

*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellee.