## A96A1048. MARTINEZ v. THE STATE.
(474 SE2d 708)

ELDRIDGE, Judge.

A confidential informant set up controlled drug buys in Gwinnett County under GBI surveillance from Nestaly Arocho on November 29, 1993, December 2, 1993 and December 20, 1993. The confidential informant met Arocho and each time the informant wore a radio transmitter to broadcast any conversation to the surveillance team. The informant had been searched for drugs on each occasion and had "buy" money furnished by the Gwinnett County authorities. On each buy Arocho arrived in a gray Lincoln driven by a Hispanic male, and the car was registered to appellant.

On November 29, Arocho arrived at the Krystal restaurant on Jimmy Carter Boulevard by crossing the street and getting into the informant's car where the sale occurred. After the sale Arocho recrossed the road and made a telephone call from a pay phone, and the Lincoln arrived. The driver and Arocho made an exchange and parted with Arocho walking away while the Lincoln drove off. The driver of the Lincoln could not be seen at this time. After the tag was run, the officers obtained a copy of appellant's driver's license for use in identification.

On December 2, a second drug buy occurred with Arocho. This transaction occurred at the Circle K store on Dawson Boulevard, the access road for I-85 just inside Gwinnett County. An ounce of cocaine was purchased by the informant. The same Lincoln delivered Arocho and was driven by a Hispanic male. As soon as Arocho got out of the Lincoln, the car was driven away. The drug buy took only a minute or less, but the informant asked to make a larger future purchase. Arocho exited the car and made a phone call, and the Lincoln returned within ten minutes with appellant driving who had been identified from his driver's license photo. Appellant drove off with

Arocho.

On December 20, the third sale took place again at the Circle K store on Dawson Boulevard, when one and one-half ounces of cocaine were purchased. The Lincoln delivered Arocho and immediately drove off while he carried out the sale. Arocho made a telephone call again from a pay phone, and the Lincoln, driven by a Hispanic male, picked him up within ten minutes.

All the drug buys followed a closely set procedure of Arocho being delivered by the Lincoln, the Lincoln quickly departing, the drug transaction occurring, a telephone call being made that lasted only seconds and Arocho being picked up within ten minutes by the Lincoln. The Lincoln belonged to appellant who was seen driving it on December 2 and at other times by a Hispanic male, who could not be seen to be identified. During the November 29 sale, the Lincoln returned but did not pick up Arocho.

Appellant admitted at trial to driving Arocho to the Circle K store on several occasions and being called to return to pick him up within a very short time but denied any knowledge or involvement with the sale of drugs. Appellant gave rides to Arocho on many occasions because he was a friend.

Arocho entered into a plea bargain to testify against appellant in return for a lighter sentence. Arocho testified to the knowledge and criminal involvement of appellant in each of the sales, identified appellant as the driver of the Lincoln on each occasion and obtained the drugs for sale from appellant.

At trial, the trial court denied a defense request to charge on accessory after the fact to a completed crime because there existed no evidence to show that the criminal enterprise to sell drugs had ended and that the effort to avoid apprehension had ceased to be a part of such enterprise.

While the indictment provided specific dates of the offenses as elements of the crime, the trial court used the pattern jury instruction which stated "on or about" instead of a specific date. The indictment had been read to the jury prior to the jury selection and at the commencement of the charge. The jury was charged that each and every essential element of the indictments had to be shown by the State beyond a reasonable doubt. By such burden of proof the jury also had to find criminal intent. The jury acquitted appellant on Count 1 but convicted appellant on Counts 2 and 3.

Appellant alleged error in the failure to grant a new trial on the insufficiency of evidence to corroborate the testimony of Arocho as well as objections to the above charges.

Appellant alleged error in the failure to give the defense charge on an accessory after the fact, as well as the trial court giving the pattern jury instruction using the language "on or about" the date of

the offense when the specific date was an element of the offense.

1. OCGA § 24-4-8 reads in part: "The testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including . . . felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness."

In the case sub judice the investigating officers had the drug buys under both visual, as well as audio, surveillance and used a confidential informant. Appellant was positively identified as driving his gray Lincoln on December 2 at the time of the drug buy; appellant also admitted to having driven Arocho to the Circle K store and picking him up again on several occasions. All such facts and circumstances create circumstantial evidence sufficient to corroborate the testimony of Arocho as to the involvement of appellant as a party to the offenses.

As pointed out by the Supreme Court in *Price v. State*, 208 Ga. 695, 696 (3) (a) (69 SE2d 253) (1952), "[t]he rule is well established that, to sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty, and more than sufficient to merely cast on the defendant a grave suspicion of guilt." *Allen v. State*, 215 Ga. 455, 457 (2) (111 SE2d 70) (1959); see also *Reaves v. State*, 242 Ga. 542 (250 SE2d 376) (1978). However, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. *Smith v. State*, 238 Ga. 640 (235 SE2d 17) (1977). Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict. *Birt v. State*, 236 Ga. 815, 826 (225 SE2d 248) (1976); see *Reaves*, supra, 242 Ga. at 543. Whether there has been adequate corroboration of the testimony of an accomplice is for the jury's determination. *Cain v. State*, 212 Ga. App. 531, 539 (442 SE2d 279) (1994); *Day v. State*, 197 Ga. App. 875, 876 (1) (399 SE2d 741) (1990); accord *Castell v. State*, 250 Ga. 776, 780 (1) (c) (301 SE2d 234) (1983). Accordingly, having reviewed the evidence in its entirety in a light most favorable to support the verdict, we find that the evidence was sufficient to support the conviction beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. An accessory after the fact is not a party to the crime under OCGA § 16-2-21, but the act constitutes the separate offense of obstruction of justice under OCGA § 16-10-24; the General Assembly, in Ga. L. 1968, pp. 1249-1351, revised the Georgia Criminal Code and in doing so made a separate offense for an accessory after the

fact who hinders the apprehension of a person known to be guilty of a felony or to destroy or conceal evidence of the crime. *Jones v. State*, 250 Ga. 11, 13 (295 SE2d 71) (1982). Appellant was not indicted nor tried for the offense of felony obstruction under OCGA § 16-10-24; therefore, it would be improper for the trial court to charge the jury on an offense which was neither indicted nor included as a lesser offense; and furthermore, there was no evidence to support such charge in fact or law. The trial court does not err in refusing to give a charge if any portion thereof is inapt, incorrect, confusing, misleading or not authorized by the evidence. *Calhoun v. State*, 213 Ga. App. 375, 378 (444 SE2d 405) (1994); *Jones v. State*, 200 Ga. App. 519, 521 (2) (c) (408 SE2d 823) (1991); accord *Minor v. State*, 264 Ga. 195, 196-197 (442 SE2d 754) (1994). Therefore, it was not error for the trial court to deny such charge.

3. The last enumeration of error deals with the use of the pattern jury instruction which dealt with a general criminal offense, "on or about," as distinguished from a specific offense where the date of the commission of the offense is an element of the indictment and must be proven. *Martin v. State*, 73 Ga. App. 573, 576-578 (3) (37 SE2d 411) (1946). At the time of jury selection as well as at the charge of the indictment when all counts were read to the jury which set out the three dates of the offenses as November 29, 1993, December 2, 1993 and December 20, 1993, both counsel in opening and closing arguments as well as opening statement referred only to such dates. Only at one point of the charge did the trial court use "on or about" with the actual dates. From the rest of the charge it was clear to the jury what the elements of the three offenses were for them to decide upon appellant's guilt or innocence. The jury had no difficulty in acquitting appellant of Count 1 and finding him guilty of Counts 2 and 3, which demonstrates the lack of prejudice to appellant. This constitutes harmless error and satisfies the "highly probable test" that the error did not affect the judgment. *Johnson v. State*, 238 Ga. 59, 60-61 (230 SE2d 869) (1976). It appears that this error comes within the holding of *Tenant v. State*, 218 Ga. App. 620 (462 SE2d 783) (1995).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 15, 1996.

*Taylor & Viers, Richard T. Taylor*, for appellant.
*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney*, for appellee.