## S97A1676. BURKS v. THE STATE.
### (491 SE2d 368)

HUNSTEIN, Justice.

Charlie Frank Burks was convicted of two counts of felony murder, three counts of aggravated assault, and five counts of possession of a firearm during the commission of a crime. He appeals from the judgment and sentence entered thereon.[1]

In his sole enumeration of error, appellant contends the evidence was not sufficient to support the jury's verdict finding him guilty as a party to the crimes for which he was convicted. The jury was authorized to find that shortly after a fight at a dance at the American Legion Hall in Moultrie between members of the Crawford family and members of appellant's family, appellant was seen loading a gun while in the company of his cousin, Stanley Owens, and another family member who had participated in the fight. Appellant, Owens, and other Burks family members then went to the hall where appellant initiated a fight with Crawford family members inside the hall. When Emanuel Simpson (a Crawford family member) broke up the fight and went outside, appellant followed and attacked Simpson from behind with a beer bottle. As the two men fought, Owens retrieved a shotgun from appellant's car; walked up to the edge of the crowd watching the fight; and fired two or three rounds of triple-aught buckshot from a sawed-off shotgun, fatally wounding Simpson and a Crawford family friend, James Singletary. The pellets also wounded two women and a man in the crowd as well as appellant. Five witnesses heard appellant tell Owens to shoot Simpson. Appellant and Owens (along with other Burks family members) fled the

---

[1] The crimes occurred on or about December 1, 1996. Burks was indicted on March 19, 1997 in Colquitt County on two counts of felony murder, five counts of aggravated assault, and five counts of possession of a firearm during the commission of a crime. He was found guilty on May 16, 1997 and was sentenced on May 21, 1997 to two life sentences for the felony murder convictions, three concurrent twenty-year sentences for the aggravated assault convictions, and five consecutive five-year sentences for the firearm possession convictions. The trial court merged the two aggravated assault convictions on the murder victims into the murder convictions. A notice of appeal was filed on June 12, 1997 and amended on June 26, 1997 to reflect this Court's jurisdiction. The appeal was docketed on July 9, 1997 and was submitted for decision without oral argument.

scene together. Appellant was apprehended approximately two hours later with a bandanna covering a gunshot wound to his left arm. Owens, who pled guilty to felony murder, testified at appellant's trial that he acted on his own.

A participant to a crime may be convicted although he is not the person who directly commits the crime. OCGA § 16-2-20. A person who intentionally aids or abets in the commission of a crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime may be convicted of the crime as a party to the crime. Id. at (b) (3) and (4). Mere presence at the scene is not sufficient to convict one of being a party to a crime, but criminal intent may be inferred from conduct before, during, and after the commission of a crime. Sands v. State, 262 Ga. 367 (2) (418 SE2d 55) (1992). Whether appellant was a party to the crime and aided and abetted Owens in the slayings and aggravated assaults or intentionally advised, encouraged, or counseled Owens to commit the crimes was a question for the jury. Harper v. State, 155 Ga. App. 764 (1) (272 SE2d 736) (1980). Viewing the evidence in the light most favorable to the jury's verdict, sufficient evidence existed for a rational trier of fact to find appellant guilty beyond a reasonable doubt as a party to the crimes of felony murder, aggravated assault, and possession of a firearm during the commission of a crime. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also Simpson v. State, 265 Ga. 665 (461 SE2d 210) (1995); Harper v. State, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 14, 1997.

*Rodney L. Allen,* for appellant.

*J. David Miller, District Attorney, Charles M. Stines, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.