## A00A0320. STEWART v. THE STATE.
### (534 SE2d 544)

PHIPPS, Judge.

Logan Stewart appeals his theft by shoplifting conviction on the grounds that the evidence was insufficient to support the conviction and that the court erred in not charging the jury on the definition of an accessory after the fact. We find that the evidence was sufficient to support the conviction and that a charge on accessory after the fact was not appropriate. For these reasons, we affirm Stewart's conviction.

Viewed in the light most favorable to the verdict, the evidence authorized the jury to find that the following occurred. On May 20, 1997, Stewart and Crawford drove from Atlanta to Newnan to visit girls Crawford had met the weekend before. Crawford became ill on the way, but they continued on their trip. Once in Newnan, they were unable to locate the girls and went instead to a Wal-Mart store.

As Crawford exited the car, he told Stewart, "You know what it is," intending to convey to Stewart that he would attempt to shoplift merchandise from the store if he had an opportunity to do so. Stewart, who had driven the car there and was not going into the store, replied, "I'll be looking out for you. I'll be sitting out in the open. I'll be ready to go when you come out of there." Crawford then responded, "Just be close by. Don't have me running around the parking lot looking for you." Stewart parked the car far to one side of the Wal-Mart store, away from other cars, and reclined his seat to a low-lying position.

Crawford entered Wal-Mart and went to the bathroom. Afterward, he placed several cartons of cigarettes in a shopping bag and proceeded hastily to the exit of the store, cognizant that a store clerk was attempting to approach him. At the exit, a store manager told Crawford he needed to present his receipt for the merchandise. Crawford then fled the store across the parking lot to the car occupied by Stewart. Wal-Mart employees followed Crawford from the store, calling to a male co-worker in the parking lot to stop Crawford.

As Crawford ran across the parking lot to the car, yelling "Let's

go!" repeatedly, Stewart started the car. Crawford threw the merchandise into the car, jumped in and closed the door. Stewart sped away from the store, recklessly running a stop sign, exiting through the entrance to the parking lot and making a u-turn onto the highway. As he drove toward Atlanta at 91 mph, Stewart was stopped by a highway patrolman.

1. Stewart and Crawford were jointly indicted for theft by shoplifting. One commits theft by shoplifting:

> when he, alone or in concert with another person, with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof . . . [c]onceals or takes possession of the goods or merchandise of any store or retail establishment.[1]

One is culpable as a party to a crime, even if he did not directly commit it, if he "[i]ntentionally aids or abets in the commission of the crime"[2] or "[i]ntentionally advises, encourages, hires, counsels, or procures another to commit the crime."[3]

> On appeal, the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. In evaluating the sufficiency of the evidence, the relevant question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[4]

Stewart asserts that he did not know that Crawford would attempt to steal merchandise from Wal-Mart and that he is not guilty of participating in the theft but only of assisting Crawford after the fact of the theft.[5] At trial, Stewart testified that Crawford had complained of being ill before going into Wal-Mart, and he had assumed Crawford had gone into the store to purchase medication.

> [P]resence, companionship, and conduct before and after the offense are circumstances from which one's participation in

---

[1] OCGA § 16-8-14 (a) (1).
[2] OCGA § 16-2-20 (b) (3).
[3] OCGA § 16-2-20 (b) (4).
[4] (Citations, punctuation and emphasis omitted.) *Johnson v. State*, 239 Ga. App. 886 (522 SE2d 478) (1999)
[5] See *Purvis v. State*, 208 Ga. App. 653-655 (433 SE2d 58) (1993).

the criminal intent may be inferred. If the defendant had knowledge of the intended crime and shared in the criminal intent of the principal actor, he is an aider and abettor.[6]

Crawford testified that although he and Stewart did not explicitly discuss a plan for shoplifting, he believed Stewart had understood his plans. Crawford explained, "When people are living in the type of environment that we were living in and they out in the street and they doing certain things that they do, like go into stores and shoplift, stealing, writing bad checks, whatever they do, that's what it was."

A rational trier of fact could have found from Stewart's and Crawford's words and conduct that Stewart knowingly agreed to act, and did act, as a getaway driver to facilitate Crawford's commission of theft by shoplifting. To the extent the evidence was circumstantial, it excluded every reasonable hypothesis save that of guilt and, therefore, was sufficient to convict Stewart.[7]

2. Stewart asserts in his second enumeration of error that the court should have charged the jury that "[a]n accessory after the fact is not a party to a crime."

"An accessory after the fact is not a party to the crime under OCGA § 16-2-21, but the act constitutes the separate offense of obstruction of justice under OCGA § 16-10-24."[8] Because Stewart was neither indicted nor tried for the offense of felony obstruction of justice and because it was not a lesser included offense of the charge upon which he was tried, the court did not err in refusing to give the requested charge.[9]

*Judgment affirmed. Johnson, C. J., and McMurray, Senior Appellate Judge, concur.*

DECIDED MAY 10, 2000.

Sanders, Haugen & Sears, Walter S. Haugen, for appellant.
Peter J. Skandalakis, District Attorney, Brett E. Pinion, Todd A. Orston, Assistant District Attorneys, for appellee.

---

[6] (Citations, punctuation and emphasis omitted.) *McWhorter v. State*, 198 Ga. App. 493 (1) (402 SE2d 60) (1991).

[7] See generally OCGA § 24-4-6; compare *McWhorter*, supra; *Bell v. State*, 156 Ga. App. 190-191 (274 SE2d 153) (1980).

[8] *Martinez v. State*, 222 Ga. App. 497, 499 (2) (474 SE2d 708) (1996).

[9] Id. at 500.