A06A0061. BURUCA v. THE STATE.
(629 SE2d 438)

MIKELL, Judge.

Benancio Buruca was indicted jointly with Isaias Lara and Salvador Mora for two counts each of armed robbery, aggravated assault, and possession of a firearm during the commission of a crime. Before the case proceeded to trial, Mora entered a guilty plea to all counts. During the trial, Lara also pled guilty to all counts. The jury found Buruca guilty of the armed robbery charges but acquitted him of the remaining charges. He appeals the denial of his motion for new trial, challenging the sufficiency of the evidence and his counsel's effectiveness, and arguing that the trial court erred in refusing to give a requested jury charge. We affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and an appellant no longer enjoys the presumption of innocence. This court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia* and does not weigh the

evidence or determine witness credibility. Conflicts in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, we must uphold the jury's verdict.[1]

So viewed, the evidence shows that on July 20, 2003, at approximately 1:00 a.m., the alleged victims, Luis Del-Cid and Jose Caranza, were walking back to Del-Cid's apartment in the Wynchase Apartment complex after spending several hours at La Union Dance Club ("La Union") when they were approached by Mora and Lara. While Mora pointed a gun into Del-Cid's stomach and said, "this is a robbery, give me everything," Lara began taking things from Caranza. Del-Cid recalled that a van with its lights on illuminated the two men. The men took Caranza's cell phone and Del-Cid's gold chains, cell phone and wallet, containing $125, and then ran. Del-Cid watched Lara and Mora jump into a red pickup truck driven by Buruca. As Del-Cid ran after the truck to obtain its license plate number, he heard two shots fired from the truck. Del-Cid testified that Buruca was searching for an exit from the complex when a patrol car blocked his way.

Captain C. D. Atkinson of the Doraville Police Department was working security at La Union when he heard two shots coming from the Wynchase Apartment complex across the street and observed a red pickup truck speeding through the complex with its tires squealing. While Atkinson ran toward the complex from the night club, a patrol car stopped the truck at the Buford Highway exit to the apartment complex. Atkinson testified that Buruca and Mora immediately raised their hands in the air, while Lara kept his hands down for a short time before finally raising them. Officers recovered cash from underneath the middle seat of the truck, and gold jewelry, two cell phones, cash, and a handgun from underneath the passenger seat.

Atkinson testified that he saw Mora at La Union and that Mora had been evicted from the club. Atkinson did not remember seeing Buruca or Lara. Atkinson testified that Lara told another officer that he fired the gun.

Mora testified on behalf of Buruca and admitted committing the robberies. He testified that Buruca's brother was married to his sister, and that he and Buruca went to La Union to celebrate Buruca's birthday. After Mora was kicked out of La Union he waited outside for 35 to 40 minutes for his brother-in-law to pick him up. When his brother-in-law did not show, Mora asked Buruca, who had just left the

---

[1] (Footnotes omitted.) *Brown v. State*, 267 Ga. App. 642, 643 (600 SE2d 731) (2004).

club and was sitting in his truck with Lara, for a ride. Mora testified that he and Buruca never discussed a robbery while they were in the club and that he never told Buruca "what was going on"; he merely instructed Buruca to "go ahead and pick me up down there in a good five to eight minutes." Mora admitted that he and Lara robbed Del-Cid and Caranza and that Lara had the gun and fired it twice. After the robbery, the two men ran back to Buruca's truck and started screaming "let's go, let's go." According to Mora, Buruca was stunned.

1. Buruca contends that the evidence offered against him was circumstantial and insufficient to support his convictions as a party to the crimes of armed robbery because he did not learn of the crimes until after they had been completed.

> A participant to a crime may be convicted although he is not the person who directly commits the crime. A person who intentionally aids or abets in the commission of a crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime may be convicted of the crime as a party to the crime. Mere presence at the scene is not sufficient to convict one of being a party to a crime, but criminal intent may be inferred from conduct before, during, and after the commission of a crime.[2]

Whether Buruca was a party to the crimes and aided and abetted Mora and Lara in the armed robberies or intentionally advised, encouraged, or counseled Mora and Lara to commit the crimes is a jury question.[3] Here, the record contains evidence from which a jury could find that Buruca was the "getaway" driver for Mora and Lara, and thus, was a party to the crimes.[4] Buruca waited for Mora and Lara in his truck and then, when the co-defendants ran back to the vehicle and jumped in after firing a gun Buruca drove off with his tires squealing in search of an exit.

We also reject Buruca's claim that the state failed to exclude every reasonable hypothesis except guilt as required by OCGA § 24-4-6.

> To support a verdict, circumstantial evidence need exclude only reasonable hypotheses, not exclude every inference or

---

[2] (Citation omitted.) *Burks v. State*, 268 Ga. 504, 505 (491 SE2d 368) (1997), citing OCGA § 16-2-20.

[3] *Burks*, supra.

[4] See, e.g., *Parnell v. State*, 260 Ga. App. 213, 220 (6) (581 SE2d 263) (2003); *Oakes v. State*, 233 Ga. App. 684, 685-686 (1) (505 SE2d 33) (1998); *Cantrell v. State*, 230 Ga. App. 693, 694-695 (1) (498 SE2d 90) (1998).

hypothesis except that of the defendant's guilt. Whether circumstances were sufficient in this case to exclude every reasonable hypothesis except that of defendant's guilt was a question for the jury. It is only when the evidence is insupportable as a matter of law that the jury's verdict may be disturbed, even where the evidence is entirely circumstantial.[5]

In this case, the jury was instructed on circumstantial evidence, mere presence at the scene of a crime, and mere association with others committing a crime. The jury also heard and clearly rejected Buruca's claim that "the robbery was a spur of the moment idea" of which he had no knowledge. Although circumstantial, the evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Buruca was the "getaway" driver for Mora and Lara and, thus, was a party to the charged offenses.

2. Buruca next contends that the trial court refused to give his requested charge that, "[a]n accomplice is one who was present at the commission of a crime, aiding and abetting the perpetrator, or an accessory before the fact. An accessory after the fact is not an accomplice."[6] Buruca claims the charge established his sole defense: "that he was not involved in any pre-robbery discussions or planning, and was at most a mere accessory after the fact." The trial court did not err in rejecting the requested charge. "An accessory after the fact is not a party to the crime under OCGA § 16-2-21, but the act constitutes the separate offense of obstruction of justice under OCGA § 16-10-24."[7] Because Buruca was neither indicted nor tried for felony obstruction of justice, the court did not err in refusing to give the requested charge.

Additionally, the record shows that the court's charge included pattern charges on parties to a crime, knowledge, mere presence at the scene of a crime, and mere association with others committing a crime. These charges cover substantially the same legal principles as Buruca's requested charge and fairly presented the issues in the case including Buruca's "sole defense." "It is well settled that the trial court is not obligated to instruct the jury in the exact language requested and that, where the same principle of law is covered in another instruction, failure to give the requested charge is not error."[8]

---

[5] (Footnote omitted.) *Brown*, supra at 645 (1).

[6] See *Ford v. State*, 232 Ga. 511, 516 (7) (207 SE2d 494) (1974).

[7] (Punctuation and footnote omitted.) *Stewart v. State*, 243 Ga. App. 860, 862 (2) (534 SE2d 544) (2000). See also *Mizell v. State*, 266 Ga. App. 833, 836 (2) (b) (598 SE2d 100) (2004).

[8] (Citations and punctuation omitted.) *Turner v. State*, 216 Ga. App. 896, 899-900 (3) (456 SE2d 241) (1995).

3. In his remaining enumeration, Buruca contends that trial counsel was ineffective. To prevail on this claim, Buruca must show that counsel's performance was deficient and that the deficient performance prejudiced his defense.[9] "In making this showing, [Buruca] must rebut by clear and convincing evidence the strong presumption that his attorney was effective."[10]

(a) Buruca argues that trial counsel was ineffective for failing to present Lara as an exculpatory witness who would have exonerated him. We disagree.

At the hearing on the motion for new trial, Lara denied any involvement in the robberies and testified that neither he nor Buruca had any idea that Mora was going to rob Caranza and Del-Cid. Buruca's trial counsel testified that it was a strategic decision not to call Lara. Counsel did not believe Lara was a credible witness because, unlike Mora, Lara went to trial and denied involvement in the robberies only to turn around and plead guilty. Counsel explained his decision as follows: "After [Mora testified] it became clear that I didn't want to have Mr. Lara, who had just given an opening statement, saying, I had nothing to do with this, I didn't do anything, this is not me, you got the [wrong guy] . . . juxtaposed with, oh, yeah, I was guilty all along but [Buruca's] not." When asked if it would have made sense to call Lara after determining that Mora was a "terrible witness," counsel replied, "[i]t may have, or it may have been just the opposite, just more of the same. You know, that's a strategy decision." Counsel testified that he conferred with Buruca about calling Lara as a witness.

"Deciding which defense witnesses will be called is a matter of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel."[11] In this case, trial counsel believed that presenting Mora was a mistake; counsel did not want to repeat the mistake by calling Lara. This decision was a strategic one that did not amount to ineffective assistance of counsel. Accordingly, the trial court's rejection of this claim was not clearly erroneous.

(b) Buruca claims that trial counsel was ineffective in failing to reserve an objection to the court's failure to give his requested charge on accessory after the fact. "The failure to make a meritless objection cannot be evidence of ineffective assistance of counsel."[12] In light of our holding in Division 2, this claim fails.

---

[9] See *Jones v. State*, 279 Ga. 854, 855 (2) (622 SE2d 1) (2005), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[10] (Citation omitted.) *Jones*, supra.

[11] (Citation, punctuation and footnote omitted.) *Sexton v. State*, 268 Ga. App. 736, 739 (2) (603 SE2d 66) (2004). Accord *Dye v. State*, 266 Ga. App. 825, 830 (2) (c) (598 SE2d 95) (2004).

[12] (Footnote omitted.) *Maxey v. State*, 272 Ga. App. 800, 803 (2) (613 SE2d 236) (2005).

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 14, 2006 —
RECONSIDERATION DENIED APRIL 5, 2006.

*Gerard B. Kleinrock*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.