## A08A1495. OLDS v. THE STATE.

(668 SE2d 485)

BERNES, Judge.

A jury found Ramon Laconte Olds guilty of burglary, armed robbery, possession of a firearm during commission of the burglary, and possession of more than one ounce of marijuana. The trial court denied his motion for new trial. Olds appeals, contending that the evidence was insufficient to support his convictions and that the trial court erred in allowing a limited portion of the trial transcript to be read to the jury during its deliberations. For the following reasons, we affirm.

Construed in favor of the verdict, the evidence shows that on the night of July 6, 2002, two men, armed with handguns, entered a private residence through the back window. At the time of the intrusion, four children were at the home alone. After entering through the window, the two intruders pointed their handguns at the children and asked for the father by name. After the children told them that the father was not at home, the two intruders began rummaging through the father's bedroom. They took a PlayStation 2 video game system belonging to one of the children, and a shotgun and bag of marijuana belonging to the father. The intruders then left the home and shot the family dog as they escaped.

The children called the police to report the home invasion and to identify the intruders. Both intruders were wearing black hats, black clothing, and black and white bandanas over their faces. One of the intruders had his hair in dreadlocks. The other was slim.

An officer with the Albany Police Department quickly responded to the call. As the officer traveled to the children's residence, he observed a red pickup truck traveling down a street that ran perpendicular to, and was only a short distance from, the street where the residence was located. The officer observed three occupants in the truck. As the officer passed the pickup truck, it "took off" in a suspicious manner. The officer turned his vehicle around to follow the truck, but by the time he did so, the truck had crashed into a telephone pole. Immediately after the crash, a witness standing nearby saw two males run from the vehicle. One of them had dreadlocks, while the other was very slim in build.

Upon arriving at the scene, the officer saw that the driver of the pickup truck was trapped behind the steering wheel as a result of the crash. The driver was identified as Olds. The father whose home was invaded later testified that Olds was one of his acquaintances.

Because Olds's pickup truck had to be towed, the police conducted an inventory search. Inside the truck were the PlayStation 2 video game system, the shotgun, and the bag of marijuana stolen during the home invasion. A black and white bandana, black t-shirt,

and various caps were lying on the front seat of the truck. Officers also found a cocked, loaded handgun under the driver's seat and an assault rifle in the toolbox in the bed of the truck. Olds admitted that the handgun and assault rifle belonged to him.

A neighbor found another handgun, which contained five bullets and one empty shell casing, lying on the ground a short distance from the crash scene. One of the child witnesses to the burglary and armed robbery testified that the handgun, a silver revolver, looked the same as the gun brandished by one of the intruders.

Olds was arrested and taken to the police station.[1] An officer advised Olds of his constitutional rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Olds waived those rights, and the officer began questioning him about what had occurred. Olds claimed that he had been driving down the road when he came upon four men standing by a car that appeared to have broken down. According to Olds, he stopped to help the men and agreed to drive them up the street, after which three of the men got into his truck. Olds claimed that when the men saw the approaching patrol car, one of them stuck a gun to Olds's head and told him to drive, which ultimately led to the crash.

Olds provided a handwritten statement to a police investigator after he was advised again of his constitutional rights. For the first time, Olds identified the name of the road where he said that he had encountered the four men. In contrast to his previous oral statement, Olds claimed that the gun was pulled on him prior to the time when the patrol car approached his truck. Unlike in his oral statement, Olds also claimed that all four of the men got into his truck with him. Olds could not give a description of any of the men.

A patrol unit was sent to the road where Olds said that he had encountered the broken-down car and the four men. No car was located that matched the description given by Olds.

Olds was indicted on charges of burglary, armed robbery, possession of a firearm during commission of the burglary, and possession of marijuana with intent to distribute. At trial, Olds moved for a directed verdict of acquittal, asserting that there was insufficient evidence that he directly participated in or was a party to the crimes. The trial court denied the motion. The jury convicted Olds of burglary, armed robbery, possession of a firearm during commission of the burglary, and the lesser included offense of possession of more than one ounce of marijuana.

---

[1] Another individual was apprehended, charged, and tried with Olds under the theory that he was one of the two intruders who had fled from the pickup truck after it crashed, but his trial ended in a mistrial as the result of a hung jury. The other individual who fled from the pickup truck was never apprehended.

1. Olds contends that the trial court erred in denying his motion for a directed verdict of acquittal on the charges of burglary[2] and armed robbery.[3] "The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction." *Head v. State*, 261 Ga. App. 185, 186 (1) (582 SE2d 164) (2003). The evidence is construed in the light most favorable to the verdict, and we neither weigh the evidence nor assess witness credibility. Id. Rather, our inquiry is limited to determining "if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt." Id. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Even if an accused does not directly commit the crime, the jury can convict him as a party to the crime if he "intentionally aids or abets in the commission of [the] crime or intentionally advises, encourages, hires, counsels or procures another to commit the crime." (Footnote omitted.) *Buruca v. State*, 278 Ga. App. 650, 652 (1) (629 SE2d 438) (2006). See OCGA § 16-2-20 (b) (3), (4).

> While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.

(Citation omitted.) *Head*, 261 Ga. App. at 187 (1). Whether the accused was a party to the crime is a question for the jury. *Burks v. State*, 268 Ga. 504, 505 (491 SE2d 368) (1997).

We conclude that there was sufficient evidence to convict Olds as a party to the charged offenses. Shortly after the crimes occurred, Olds was seen driving his pickup truck in a direction consistent with his vehicle having just come from the home that had been burglarized and robbed. A witness near the crash scene saw two suspects matching the description of the intruders fleeing from Olds's pickup truck shortly after the crimes occurred. Moreover, items stolen from the home were found in Olds's pickup truck, as were two loaded weapons owned by Olds and clothing items that witnesses linked to the crimes, namely, a black and white bandana, black t-shirt, and

---

[2] Under OCGA § 16-7-1 (a), "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another."

[3] Under OCGA § 16-8-41 (a), "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon."

various caps. Likewise, a handgun that one of the child witnesses identified as looking like the gun used by one of the intruders was found near the crash scene. Finally, Olds sped up in a suspicious manner when his pickup truck was approached by a patrol car.

Based on this combined circumstantial evidence, the jury was entitled to infer that Olds had waited at the scene of the crimes and had served as the getaway driver, making him a party to the crimes of burglary and armed robbery. See *Jordan v. State*, 281 Ga. App. 419, 422-423 (1) (636 SE2d 151) (2006) (defendant guilty as party to the crime of armed robbery when he was caught driving the getaway vehicle and "[a]ll of the stolen merchandise was found in and around [the] vehicle"); *Buruca*, 278 Ga. App. at 652 (1) (getaway driver could be found guilty as party to the crime of armed robbery); *Head*, 261 Ga. App. at 187 (1) (defendant guilty as a party to the crime of burglary where she drove the perpetrator to the crime, served as the getaway driver, and sped from the scene after the crime was committed); *Bell v. State*, 156 Ga. App. 190 (274 SE2d 153) (1980) (concluding that "[t]he driver of a getaway vehicle who waits in the car while another commits a crime, starts the motor at the latter's approach, and drives precipitously away" can be found guilty as a party to the crime of burglary).

We are unpersuaded by Olds's claim that the state failed to exclude every reasonable hypothesis except that of guilt under OCGA § 24-4-6.

> To support a verdict, circumstantial evidence need exclude only reasonable hypotheses, not exclude every inference or hypothesis except that of the defendant's guilt. Whether circumstances were sufficient in this case to exclude every reasonable hypothesis except that of defendant's guilt was a question for the jury. It is only when the evidence is insupportable as a matter of law that the jury's verdict may be disturbed, even where the evidence is entirely circumstantial.

(Footnote omitted.) *Buruca*, 278 Ga. App. at 652-653 (1). Here, Olds contends that his oral and written statements to the police created a reasonable hypothesis of innocence, but, as noted above, Olds's oral and written statements conflicted as to several key details. Furthermore, the state presented evidence that called into question Olds's version of events. For example, while Olds claimed that three or four of the men rode with him in his pickup truck, all the witnesses called by the state testified that they observed only two other occupants in the truck besides Olds. And although Olds claimed that he was flagged down by the four men standing by a broken-down car, the

police were unable to locate the car in the location given to them by Olds. Under these circumstances, the jury was entitled to reject Olds's version of events and convict him as a party to the charged crimes. See *Gant v. State*, 291 Ga. App. 823, 825 (1) (662 SE2d 895) (2008) (concluding that "even though [the defendant] attempted to provide innocent explanations for his acts, the jury was authorized to reject his version of events, particularly in view of his conflicting statements to police"); *Jackson v. State*, 274 Ga. App. 279, 281 (617 SE2d 249) (2005) (jury was entitled to reject the defendant's exculpatory version of events when he "offered [an] inconsistent version[ ] of key details" in telling what had occurred).

2. Olds likewise contends that there was insufficient evidence to convict him of possession of a firearm during the commission of the burglary.[4] We disagree. For the reasons discussed in Division 1, Olds was a party to the crime of burglary by serving as the getaway driver, and he admitted to an officer that he owned two of the firearms found in the getaway vehicle. Additionally, there was trial testimony that the two intruders possessed firearms during their commission of the burglary. Accordingly, the jury was entitled to conclude that Olds was a party to the crime of possession of a firearm during the commission of the burglary. See *Anderson v. State*, 237 Ga. App. 595, 596 (2) (516 SE2d 315) (1999) ("Where a party has possessed a firearm during the commission of a felony, an accomplice who is concerned in the commission of the crime under OCGA § 16-2-20 is likewise guilty of both offenses.") (citation and punctuation omitted). See also *Gant*, 291 Ga. App. at 825 (1).

3. Olds further argues that there was insufficient evidence to convict him of possession of marijuana with intent to distribute. Olds, however, was acquitted of that offense, and his acquittal renders moot his challenge concerning the sufficiency of the evidence on that charge. See *Sanders v. State*, 283 Ga. 372, 373 (1) (659 SE2d 376) (2008).

Olds instead was convicted of the lesser included offense of possession of more than an ounce of marijuana,[5] and there was sufficient evidence to support that conviction. The two intruders took the marijuana as part of the burglary and armed robbery, and Olds was a party to those crimes. Moreover, the marijuana was found

---

[4] Under OCGA § 16-11-106 (b) (2), "[a]ny person who shall have on or within arm's reach of his or her person a firearm . . . during the commission of, or the attempt to commit[ ] . . . [t]he unlawful entry into a building or vehicle[ ] . . . and which crime is a felony, commits a felony."

[5] Under OCGA § 16-13-30 (j) (1), "[i]t is unlawful for any person to possess, have under his control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana." Possession of more than an ounce of marijuana renders the charge a felony. See OCGA §§ 16-13-2 (b); 16-13-30 (j) (2).

in Olds's pickup truck in a place easily accessible to him. Under these circumstances, the jury was entitled to find that Olds and the two intruders were in joint constructive possession of the marijuana. See *Boykin v. State*, 264 Ga. App. 836, 839-840 (2) (592 SE2d 426) (2003) (defendant was in joint constructive possession of marijuana that was taken from the victim by a co-defendant during a hijacking to which the defendant was a party). The state presented further testimony that the marijuana found in the pickup truck weighed 446.5 grams, and that 28.3 grams of marijuana make an ounce. The jury thus was authorized to conclude that Olds possessed more than an ounce of marijuana.

4. Olds contends that the trial court erred in allowing only a limited portion of the direct testimony of two eyewitnesses to be reread to the jury during its deliberations. Again, we disagree.

While deliberating, the jury requested to rehear specific testimony by two eyewitnesses regarding the color of the t-shirt worn by one of the intruders. Over objection, the trial court reread to the jury the requested testimony concerning the color of the intruder's t-shirt. The trial court then issued a cautionary instruction to the jury, directing it to consider all of the trial testimony and "not to overly emphasize this testimony over the balance of the testimony."

The trial court, in its discretion, may permit the jury at its instigation to rehear requested portions of the trial testimony after the jury has begun its deliberations, where, as here, the testimony is read in the defendant's presence. See *Puga-Cerantes v. State*, 281 Ga. 78, 80 (4) (635 SE2d 118) (2006); *Byrd v. State*, 237 Ga. 781, 782-783 (1) (229 SE2d 631) (1976). And "[i]t has long been settled that the jury should be permitted to limit what they rehear to what they desire to rehear, absent special circumstances which might work an injustice." (Citations and punctuation omitted.) *Dorsey v. State*, 252 Ga. App. 33, 35 (2) (555 SE2d 498) (2001). See also *Byrd*, 237 Ga. at 783 (1). We find no such special circumstances here, particularly in light of the trial court's cautionary instruction to the jury after rereading the testimony. See *Dorsey*, 252 Ga. App. at 35 (2); *Akers v. State*, 179 Ga. App. 529, 530-531 (3) (346 SE2d 861) (1986). Olds, therefore, has failed to show a basis for reversal.

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 8, 2008.

*Agis R. Bray III*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Assistant District Attorney*, for appellee.