MILLER, Presiding Judge,
dissenting in part.
I respectfully disagree with the majority opinion’s conclusion that the evidence was insufficient to convict Hoglen of aggravated assault as a party to a crime under OCGA § 16-2-20.
On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). We do not weigh the evidence nor determine witness credibility, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Talifero v. State, 319 Ga. App. 65, 66 (1) (734 SE2d 61) (2012).
OCGA § 16-2-20 (b) (4) provides that a person is a party to a crime if he “[intentionally advises, encourages, hires, counsels, or procures another to commit the crime.” Although “mere presence at the scene and approval of a crime not amounting to encouragement is insufficient to authorize [a] conviction as a party to a crime . . . criminal intent may be inferred from conduct before, during, and after the commission of the crime.” (Citations and punctuation omitted.) Simpson v. State, 265 Ga. 665, 665-666 (461 SE2d 210) (1995).
In this case, the defendant repeatedly yelled to his grandfather that the police were beating him, killing him, and hurting him. Hoglen’s grandfather then admittedly fired the single shot into the air because he thought his grandson was being hurt. Whether this evidence was sufficient to establish that Hoglen encouraged his grandfather to fire a gun at the police was a question for the jury, Burks v. State, 268 Ga. 504 (491 SE2d 368) (1997), and, in finding *478 Hoglen guilty of aggravated assault as a party to the crime, the jury found that Hoglen was not merely present. I agree.
Decided March 29, 2016.
Harvey S. Wasserman, Connor L. Magill, for appellant.
D. Parks White, District Attorney, J. Adam Wilkinson, Assistant District Attorney, for appellee.
The evidence permitted the jury to infer that Hoglen intended his grandfather to intervene in his arrest, and Hoglen’s conduct before and after the gunshot — yelling that he was being hurt and identifying his location — enabled the jury to conclude that Hoglen knew his grandfather had a firearm and intended for his grandfather to use it. This Court must review the evidence in the light most favorable to the verdict and cannot invade the province of the jury. Accordingly, the evidence was sufficient to establish Hoglen’s guilt as a party to the aggravated assault. Therefore, I respectfully dissent.[4]

 Based on my conclusion that the evidence is sufficient, it wouldbe unnecessary to remand this case for resentencing, as discussed in Division 3, supra.