307 Ga. 670
FINAL COPY

S19A1641.  PERDOMO v. THE STATE.

BENHAM, Justice.

Appellant Hamlet Perdomo was convicted of the felony murder of Carl Bush, as well as fourteen other crimes committed against five additional victims during a 2010 crime spree.[1]  Appellant claims

---

[1] The crimes occurred from September 11 to 15, 2010. On December 18, 2012, a Richmond County grand jury indicted Appellant and his co-indictees Hector Torres and Michael Rewis for felony murder predicated on criminal attempt to commit armed robbery of Carl Bush, aggravated assault of Melvin Williams, kidnapping of E. H., four counts of armed robbery (April Williams, Zamfira Marshall, Travis Jenkins, and E. H.), and six counts of possession of a firearm during the commission of a crime. Appellant was separately indicted for the rape and aggravated sodomy of E. H. Appellant was tried alone from November 19 to 21, 2013. A jury found Appellant guilty on all counts. The trial court sentenced Appellant to serve life in prison without the possibility of parole for felony murder. Appellant was also sentenced to serve five years in prison for possession of a firearm during the commission of a crime (murder of Bush), twenty years for aggravated assault (Melvin Williams), five years for possession of a firearm during the commission of a crime (aggravated assault of Melvin Williams), twenty years for kidnapping, life for aggravated sodomy, life for rape, life for armed robbery of E. H., five years for possession of a firearm during the commission of a crime (armed robbery of E. H.), life for armed robbery of Travis Jenkins, five years for possession of a firearm during the commission of a crime (armed robbery of Jenkins), life for armed robbery of Zamfira Marshall, five years for possession of a firearm during the commission of a crime (armed robbery of Marshall), life for armed robbery of April Williams, and five years for possession of a firearm during the commission of a crime (armed robbery of April Williams), with each sentence

that the evidence against him was insufficient to support his convictions. We disagree and affirm.

1. Viewing the record in a light most favorable to the verdicts, the evidence presented at trial established as follows. In the early morning hours of September 11, 2010, Myra Bates was walking down a street in Richmond County when she was harassed and threatened by a man hanging out of a silver automobile. Melvin Williams, who was friends with Bates, observed the situation and intervened. According to Melvin Williams, an armed man in the back seat of a silver sedan cursed at him and then shot him in the leg; Melvin Williams and Bates testified that, after the shooting, the vehicle sped away. Melvin Williams identified his assailants in photographic lineups, specifically identifying Appellant as the driver of the vehicle.

to be served consecutively to the previous sentence. Appellant filed a motion for new trial on November 25, 2013, which he amended through new counsel on January 26, 2017. At a hearing, the trial court verbally denied the motion (as amended) on February 1, 2017, and memorialized its decision in an order entered March 15, 2017. Appellant filed a notice of appeal to this Court on February 20, 2017, and the case was docketed in this Court to the August 2019 term and submitted for a decision on the briefs.

Within hours, law enforcement responded to a shooting in a parking lot near the Augusta Riverwalk. There, Carl Bush was found on the ground beside his truck, dead from two gunshot wounds. Bush's companion, Lisa Raines, was inside the truck at the time of the shooting. According to Raines, she heard someone say, "Give me your wallet," and then she heard a number of gunshots; the jury learned that Bush always carried a wallet but that one was not found on his body. A witness observed three men flee in a small, silver sedan. Around this same time and in the same vicinity, law enforcement initiated a traffic stop of a small, silver Nissan sedan; the car had been traveling without its headlights illuminated and had run a stop sign. The officer, unaware of the shooting, interviewed the driver — identified as Appellant's co-indictee, Michael Rewis — and eventually let him drive away with the two other occupants of the vehicle.

Days later, April Williams and Zamfira Marshall were walking in Richmond County when they were approached by a small, silver, four-door Nissan sedan. According to April Williams, two armed and

masked passengers exited the vehicle, demanding their property; the assailants took April Williams's purse, as well as Marshall's wallet, identification, and phone. Just hours later, Travis Jenkins and his girlfriend, E. H., were accosted in the parking lot of an apartment complex in Richmond County. Jenkins testified that a trio of men wearing bandanas over their faces drove up and demanded their property. Jenkins gave the armed men his wallet and phone, and then watched as E. H. was ordered into the vehicle. E. H. testified that she was sodomized and raped in the vehicle by an armed man with a tattoo of the word "ham-something" on his arm. E. H. was able to provide a physical description of her assailants and a partial license plate number from a silver Nissan. E. H. later identified her assailants, including Appellant.

Law enforcement discovered the silver sedan at an apartment complex in Richmond County, and the three co-indictees were sitting approximately fifteen feet from the vehicle. The vehicle — identified as a silver, four-door Nissan Sentra — matched witnesses' descriptions, and the license plate matched the partial number

4

provided by E. H.; fingerprints belonging to Appellant and his co-indictees were discovered on the car. A search of the silver vehicle revealed clothing matching that which was described by E. H., at least one bandana, property belonging to Marshall, and the firearm responsible for wounding Melvin Williams and killing Bush. Lastly, Appellant was discovered to have his first name, "Hamlet," tattooed in script across his arm.

In addition to the witness testimony and physical evidence, the jury heard a recorded jailhouse telephone conversation during which Appellant acknowledged his participation in the week-long crime spree. The jury also heard testimony from Appellant, who claimed that he was not involved in the incidents involving Melvin Williams or Carl Bush. Appellant seemed to acknowledge, however, being in the vehicle during the robbery of April Williams and Marshall, but he maintained that he did not participate. As to the incident involving Jenkins and E. H., Appellant testified that he was high on marijuana and played no role in the robbery; he also asserted that his sexual encounter with E. H. was consensual.

2.  Appellant contends on appeal only that the evidence against him was insufficient to sustain his convictions.  When reviewing the sufficiency of the evidence,

> the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). "This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence." *Hayes v. State*, 292 Ga. 506, 506 (739 SE2d 313) (2013).

*Thomas v. State*, 300 Ga. 433, 436 (796 SE2d 242) (2017).

(a) With respect to the murder of Carl Bush, Appellant claims that the evidence of his participation in the offense was "circumstantial at best."  According to Appellant, there was no evidence that any property was taken from Bush and there were no witnesses to the crime.

Under OCGA § 24-14-6, "in order to warrant a conviction based solely upon circumstantial evidence, the proven facts must be consistent with the hypothesis of guilt and must exclude every *reasonable* theory other than the guilt of the accused." (Emphasis

6

supplied.) *Roberts v. State*, 296 Ga. 719, 721 (770 SE2d 589) (2015). The evidence need not exclude every conceivable inference or hypothesis, only ones that are reasonable. See *Debelbot v. State*, 305 Ga. 534, 538 (826 SE2d 129) (2019). The jury decides whether an alternative hypothesis is reasonable, "and where a jury finds that the circumstantial evidence excluded every reasonable hypothesis save that of guilt, we will not disturb that finding unless it is insupportable as a matter of law." *Johnson v. State*, 307 Ga. 44, 48 (2) (834 SE2d 83) (2019).

"A person commits the offense of murder when, in the commission of a felony, he or she causes the death of another human being irrespective of malice." OCGA § 16-5-1 (c). Here, the predicate felony was criminal attempt to commit armed robbery. Armed robbery is accomplished "when, with intent to commit theft, [a person] takes property of another from the person or the immediate presence of another by use of an offensive weapon[.]" OCGA § 16-8-41 (a). An attempt is accomplished "when, with intent to commit a specific crime, [a person] performs any act which constitutes a

7

substantial step toward the commission of that crime." OCGA § 16-4-1.

At trial, the jury heard testimony that Bush was found dead from gunshot wounds and that Bush's assailant made a demand for property immediately before shooting him; the jury also learned that Bush always carried a wallet on his person but that it was missing when he was found.[2] Additionally, a witness testified that Bush's murderer fled the scene in a small, silver sedan with two other occupants. Appellant's co-indictee was driving a vehicle matching that description in the area at the time of the murder with two occupants, and he was driving without headlights and had run a stop sign. The murder weapon was later found in the silver sedan, and Appellant's fingerprints were found on the vehicle. Appellant admittedly traveled in the silver sedan with his two co-indictees during the commission of other offenses during that same week —

_____

[2] "A person may be convicted of the offense of criminal attempt if the crime attempted was actually committed in pursuance of the attempt but may not be convicted of both the criminal attempt and the completed crime." OCGA § 16-4-2.

indeed, he was identified as the driver of the vehicle in an incident occurring just hours earlier — and he was recorded in a jailhouse telephone conversation implicating himself in the week-long crime spree. Accordingly, this evidence, though circumstantial, was sufficient to authorize the jury to find Appellant guilty of felony murder predicated on criminal attempt to commit armed robbery. See *Johnson*, 307 Ga. at 48-50 (2) (a) and (b).

(b) Appellant also suggests that the evidence was insufficient to support his conviction for the aggravated assault of Melvin Williams and possession of a firearm during the commission of that crime.

"A person commits the offense of aggravated assault when he or she assaults . . . [w]ith a deadly weapon[.]" OCGA § 16-5-21 (a) (2). With respect to the offense involving the firearm, "[a]ny person who shall have on or within arm's reach of his or her person a firearm . . . during the commission of, or the attempt to commit . . . [a]ny crime against or involving the person of another . . . and which crime is a felony, commits a felony[.]" OCGA § 16-11-106 (b) (1). The

jury heard testimony that three men in a silver-colored, four-door sedan threatened and harassed both Myra Banks and Melvin Williams. Melvin Williams testified that one of the passengers cursed at him and then shot him in the leg; Melvin Williams positively identified Appellant as the driver of the vehicle, which, notably, sped away after the shooting. The evidence was plainly sufficient to authorize the jury's verdicts. See *Burks v. State*, 268 Ga. 504, 505 (491 SE2d 368) (1997) (discussing party-to-the-crime liability).

(c) With respect to the crimes committed against April Williams, Marshall, Jenkins, and E. H., the jury heard detailed testimony concerning a trio of armed and masked men committing the crimes of armed robbery, rape, and sodomy. In his trial testimony, Appellant placed himself in that vehicle during the events in question, and the overwhelming evidence demonstrated that all occupants of the vehicle were involved in the crimes in question. Accordingly, this argument is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 13, 2020.
Murder. Richmond Superior Court. Before Judge Jolly.
*Khary J. Tally, Katherine M. Mason*, for appellant.
*Natalie S. Paine, District Attorney, Joshua B. Smith, Kevin R. Majeska, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew M. Youn, Assistant Attorney General*, for appellee.