## S02A1862. BELSAR v. THE STATE.
### (577 SE2d 569)

HUNSTEIN, Justice.

Cordell Belsar was convicted of the felony murder of Rigoberto Salas-Palatino and simple battery of Efrain Salas.[1] His motion for new trial was denied, and he appeals, challenging the sufficiency of the evidence and the trial court's charge to the jury on the law of con-

---

[1] The crimes occurred on April 8, 2000. On September 21, 2000, a Cobb County grand jury jointly indicted Belsar, Leonard Smith and Miguel Stewart for the malice murder and felony murder of Salas-Palatino and separately indicted Belsar for the simple battery of Efrain Salas. Belsar was tried before a jury on April 2-6, 2001 and found guilty of felony murder and simple battery. On May 17, 2001, his motion for directed verdict of acquittal was denied. He was sentenced on June 1, 2001 to life in prison for the felony murder conviction and a concurrent 12-month sentence for the simple battery conviction. Belsar's motion for new trial, filed on June 4, 2001 and amended on April 16, 2002, was denied on May 30, 2002. A notice of appeal was filed on June 7, 2002. The appeal was docketed in this Court on August 20, 2002, and orally argued on November 18, 2002.

spiracy. Finding no error, we affirm.

1. Evidence was adduced that on the night of the crimes, co-defendant Leonard Smith drove his black Chevy Impala through the Castlebrook apartment complex at a high rate of speed; turned around "laying drag"; and stopped near an apartment where Salas, Salas-Palatino, and several other men were outside socializing. Salas-Palatino approached Smith's car and spoke to him briefly. As Smith drove off, Salas threw a beer bottle at the car. Smith then picked up Belsar, co-indictee Stewart, and an unidentified male and returned to the Castlebrook apartments to confront Salas, Salas-Palatino and the other men. Belsar and his cohorts parked Smith's car at a nearby apartment complex, walked back to the Castlebrook apartments on a non-conspicuous path, and ambushed the victims. During the fight, Stewart shot Salas-Palatino in the face; Salas and another individual were struck in the head with beer bottles. Smith admitted to police shortly after the murder that he, Belsar, Stewart and another individual attacked a group of men who had thrown bottles at his car. Belsar admitted to his father and girlfriend that he was involved in the fight and complained to both police and his family of pain in his side.

Contrary to Belsar's assertion, the evidence established more than his mere presence at the scene of the crimes. The jury was authorized to find from the State's evidence that Belsar and the other assailants surreptitiously returned to the apartment complex with the specific intent to ambush the victims. After attacking the victims, Belsar and the other assailants fled in different directions and met at a club, where they bragged about fighting the victims and shooting someone in the face. The next day, Belsar warned Smith that the police were at the apartment complex. While mere presence at the scene of a crime is not sufficient evidence to convict one of being a party to a crime, criminal intent may be inferred from presence, companionship, and conduct before, during and after the offense. *Burks v. State*, 268 Ga. 504, 505 (491 SE2d 368) (1997). Accordingly, the evidence was sufficient to enable a rational trier of fact to find Belsar guilty beyond a reasonable doubt of the crimes for which he was convicted, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and the trial court did not err in denying Belsar's motion for a directed verdict.

2. Nor did the trial court err in charging the jury on the law of conspiracy. Although Belsar was not indicted for conspiracy, the evidence introduced at trial supported the conspiracy charge. See *Huey v. State*, 263 Ga. 840, 842 (3) (439 SE2d 656) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 2003.

*Richard O. Allen*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Patricia G. Hull, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jill M. Zubler, Assistant Attorney General*, for appellee.