## S03A1252. SMITH v. THE STATE.

(586 SE2d 629)

HUNSTEIN, Justice.

Leonard Smith was convicted of the felony murder of Rigoberto Salas-Palatino and simple battery of the deceased's father, Efrain Salas.[1] His motion for new trial was denied, and he appeals, challenging the sufficiency of the evidence for the jury to find him guilty as a party to the crimes for which he was convicted. Finding no error, we affirm.

A recitation of facts of the events that led to the shooting are set forth in the appeal of appellant's co-defendant, Cordell Belsar. See *Belsar v. State*, 276 Ga. 261 (577 SE2d 569) (2003). In summary, the evidence adduced at the trial showed that appellant was speeding through an apartment complex's parking lot where the deceased lived with his extended family. The deceased warned appellant that he was driving too fast, and after appellant sped off, the deceased's father threw a beer bottle at the car. Later that night appellant returned to the apartment complex with the other co-indictees and attacked the Hispanic men who were still in the parking lot. Stewart shot and killed Salas-Palatino during the fight and another individual was struck in the head with a beer bottle. Shortly after the murder, Smith admitted to police he, Belsar, Stewart and another individual attacked a group of men who had thrown bottles at his car. Although appellant denied any knowledge that Stewart possessed a gun, Rickola Brown, an acquaintance of both appellant and Stewart,

---

[1] The crimes occurred on April 8, 2000. On September 21, 2000, a Cobb County grand jury jointly indicted Smith, Cordell Belsar and Miguel Stewart for the malice murder and felony murder of Salas-Palatino and separately indicted Smith for the simple battery of Efrain Salas. At a joint jury trial with co-defendant Belsar on April 2-6, 2001, Smith was found guilty of felony murder and simple battery. On May 17, 2001, Smith's motion for directed verdict of acquittal was denied. He was sentenced on June 1, 2001 to life in prison for the felony murder conviction and a concurrent 12-month sentence for the simple battery conviction. Smith's motion for new trial, filed on June 12, 2001 and amended on December 18, 2002, was denied on January 16, 2003. A notice of appeal was filed on January 17, 2003. The appeal was docketed in this Court on May 7, 2003 and submitted for decision on the briefs.

testified that appellant was aware of two prior incidents where Stewart had a gun. In one incident, Stewart pulled a gun on Brown during an argument and in the other, Stewart pulled his gun on some Hispanic males during an unrelated conflict.

The trial court instructed the jury as to the law on "party to a crime." A participant to a crime may be convicted although he is not the person who is directly responsible. *Burks v. State*, 268 Ga. 504, 505 (491 SE2d 368) (1997). Under OCGA § 16-2-20, a person who intentionally aids or abets the commission of the crime, or intentionally advises, encourages, hires, counsels, or procures another to commit the crime may be convicted of the crime as a party to the crime. Id. at (b) (3) and (4). Mere presence at the scene of the crime is insufficient to convict one of being a party to a crime, but criminal intent can be inferred from that person's presence, companionship, and conduct, before and after the crime was committed. *Walsh v. State*, 269 Ga. 427, 429 (1) (499 SE2d 332) (1998). Contrary to appellant's assertion, the jury was authorized to find from the State's evidence that appellant and the other assailants returned to the apartment complex with the specific intent to ambush the group of men who had been standing in the parking lot when appellant first drove through. After the attack, appellant and the other assailants fled. Appellant's contention that there is insufficient evidence that he possessed a gun during the commission of the crime is meritless. Although the evidence showed that this weapon was in the physical possession of co-indictee Stewart at the time of the murder, appellant is guilty of this offense if it is shown that he is the accomplice of the person who was in physical possession of the gun. *Tesfaye v. State*, 275 Ga. 439, 440 (1) (569 SE2d 849) (2002). Viewing the evidence in the light most favorable to the jury's verdict, the evidence was sufficient to enable a rational trier of fact to find appellant guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 2003.

*J. Michael Treadaway*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Patricia G. Hull, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jill M. Zubler, Assistant Attorney General*, for appellee.