## S04A0025. STEWART v. THE STATE.
### (596 SE2d 143)

HUNSTEIN, Justice.

Miguel Stewart was convicted of the malice murder of Rigoberto Salas-Palatino and sentenced to life imprisonment. He appeals from the denial of his motion for new trial.[1]

---

[1] The crime occurred on April 8, 2000. Stewart was jointly indicted with Cordell Belsar and Leonard Smith on September 21, 2000 in Cobb County. See *Belsar v. State*, 276 Ga. 261 (577 SE2d 569) (2003); *Smith v. State*, 277 Ga. 95 (586 SE2d 629) (2003). Stewart was tried

1. The evidence adduced at trial authorized the jury to find that on the evening of April 7, 2000, a group of Hispanic males, including Jose Salas, his brother Efrain Salas-Vaca and Efrain's son, Rigoberto, were socializing outside an apartment at the Castlebrook Apartment complex. Appellant lived with his girlfriend in an apartment adjacent to Salas. A black Impala belonging to Stewart's friend drove by the Hispanic men twice, speeding and "laying drag." When the vehicle returned a second time, Rigoberto approached the car and conversed briefly with the driver before the car sped off. Efrain threw a bottle at the car as it departed. Early the next morning, Stewart was among a group of individuals who ambushed the Hispanic men. Salas heard a gunshot during the altercation and after he chased the attackers away he discovered that Rigoberto had been shot. Rigoberto died at the scene from a gunshot, fired at close range by appellant, that entered to the right of his nose and lodged in his brain. Several eyewitnesses recounted these events and testified that the victim did not threaten appellant before the shooting.

We find the evidence sufficient to enable a rational trier of fact to find appellant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Prior to trial appellant filed a motion in limine seeking to exclude all mention of statements by his co-indictees from the trial. Appellant contends that the trial court erred when it failed to sustain appellant's motion for mistrial after his objection to testimony by Detective Foster. On re-direct examination the detective gave unsolicited testimony that he had received information about the crimes from an individual who had talked about the incident with Stewart's co-indictees. Although the trial court denied the motion for mistrial, it gave curative instructions to the jury to ignore the testimony and inquired of each member of the jury whether anyone could not comply. The remedial instruction by the trial court was sufficient to prevent the testimony from having any prejudicial impact. See *Crawford v. State*, 256 Ga. 585 (2) (351 SE2d 199) (1987).

3. Appellant complains that the trial court erroneously excused juror Cooper after jury selection had been completed. During voir dire, prospective juror Cooper stated that she was capable of jury service; however, the next day before the trial commenced, the juror informed the court that although she originally believed she could serve as a juror, she found that she was too distressed about her mother's recent death to serve on a case that involved a murder.

before a jury on January 6-10, 2003. He was found guilty on January 10, 2003 and sentenced that same day. Stewart's motion for new trial, filed January 13, 2003 and amended June 19, 2003, was denied July 7, 2003. A notice of appeal was filed August 6, 2003. The appeal was docketed September 4, 2003 and orally argued on January 26, 2004.

Appellant sought to retain the juror, but the trial court declined, stating, "[b]ased upon the fact that the juror has told us . . . 'it would be impossible for me [to serve],' I will take her off the jury over the defense's objection." It is well-settled that a trial court may excuse a potential juror for "good cause" if jury service would impose an undue hardship. OCGA § 15-12-1 (a); *Gulley v. State*, 271 Ga. 337 (7) (519 SE2d 655) (1999). The record shows that the trial court properly exercised its broad discretion in determining the validity of juror Cooper's request to be excused from jury service after inquiry into whether the proffered excuse constituted good cause. See *McClain v. State*, 267 Ga. 378 (1) (c) (477 SE2d 814) (1996).

4. The State used two of its peremptory strikes against the seven prospective African-American jurors. Appellant contends that the trial court erred in holding that he failed to make a prima facie case for his challenge to a violation by the State of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) and in not requiring the State to articulate its reasons for the peremptory strikes based upon the absence of a preliminary showing of prima facie discrimination. Inasmuch as appellant can point to nothing other than

> the raw number of strikes used, and could not show a discriminatory pattern or anything occurring during voir dire that might give rise to an inference of discrimination, we conclude that the trial court did not err in ruling that [appellant] had not made out a prima facie case of discrimination.

*Mitchell v. State*, 275 Ga. 42, 45 (561 SE2d 803) (2002). See *Livingston v. State*, 271 Ga. 714 (2) (524 SE2d 222) (1999); *Whitaker v. State*, 269 Ga. 462 (3) (499 SE2d 888) (1998). Because there was no error in the ruling that appellant had not established a prima facie case of racial discrimination in the jury selection proceedings, it follows that it was not error to fail to require the State to articulate its reasons for striking the two potential jurors. Compare *Daniels v. State*, 276 Ga. 632 (3) (580 SE2d 221) (2003).

5. Appellant's contention alleging prosecutorial misconduct presents no reversible error. The alleged instance involved the cross-examination of a police detective during which the prosecutor in questioning the witness referred to a co-indictee as a "perpetrator." Although the transcript reveals that the trial court overruled appellant's objection, it also reveals that the court gave an adequate curative instruction. See generally *Lewis v. State*, 277 Ga. 534 (2) (592 SE2d 405) (2004). Accordingly, this contention lacks merit.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 27, 2004.

*Lorraine R. Silvo*, for appellant.

*Patrick H. Head, District Attorney, Patricia G. Hull, Amy H. McChesney, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General,* for appellee.