300 Ga. 768
FINAL COPY

S17A0478.  SAPP v. THE STATE.

HUNSTEIN, Justice.

Appellant Timothy Sapp was tried and convicted of murder and related offenses in connection with the shooting death of Christopher Smith.[1]  Sapp

---

[1] On August 22, 2012, a Camden County grand jury jointly indicted Appellant Timothy Sapp and his brother Cyrus Bell as follows: malice murder (Count 1); felony murder predicated on aggravated assault (Count 2); aggravated assault (Count 3); felony murder predicated on armed robbery (Count 4); armed robbery (Count 5); and possession of a firearm during the commission of a crime (Count 6).  Sapp was also indicted for one count of possession of a firearm by a convicted felon (Count 7).

Sapp was tried alone from January 13 through January 16, 2014.  At the close of the State's case, Sapp moved for a directed verdict on the counts of felony murder predicated on armed robbery and the armed robbery (Counts 4 and 5); the trial court granted that motion.  The jury found Sapp guilty of all the remaining charges.  The trial court sentenced Sapp on January 27, 2014, to life imprisonment without the possibility of parole for malice murder (Count 1) and two five-year consecutive sentences for the weapons charges which run concurrent with one another (Counts 6 and 7).  The felony murder charge was vacated by operation of law, and the aggravated assault charge merged with the malice murder for a total sentence of life without parole plus five years.

Appellant filed a motion for new trial on February 26, 2014, which was amended on January 2, 2015.  The trial court held a hearing on January 5, 2015, after which Appellant filed a supplemental post-hearing motion for new trial on January 9, 2015.  The trial court denied the motions as amended on March 17, 2016.  Appellant filed a notice of appeal to the Court of Appeals on March 28, 2016, which was subsequently transferred to this Court.  The appeal was docketed to the term of this Court beginning in December 2016 and was thereafter submitted for decision on the briefs.

appeals, claiming that the evidence was insufficient to support his convictions. Finding no error, we affirm.

In his sole enumeration of error, Sapp claims that the evidence presented at trial was insufficient to authorize a conviction as, he alleges, he was convicted on purely circumstantial evidence. We disagree.

> When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). "This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence." Hayes v. State, 292 Ga. 506, 506 (739 SE2d 313) (2013) . . . . "While mere presence at the scene of a crime is not sufficient evidence to convict one of being a party to a crime, criminal intent may be inferred from presence, companionship, and conduct before, during and after the offense." Belsar v. State, 276 Ga. 261, 262 (1) (577 SE2d 569) (2003). See also OCGA § 16-2-20 (party to a crime statute); OCGA § 24-14-6 ("To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.").

Thomas v. State, 300 Ga. 433, 436 (1) (796 SE2d 242) (2017).

With these principles in mind, viewed in the light most favorable to the jury's verdict, the evidence was sufficient to sustain Sapp's convictions and

sentences. The record shows that, in the late evening hours of July 27, 2012, Sapp and his brother Cyrus Bell went to Woodbine Apartments in Woodbine, Camden County, Georgia. Sometime after their arrival, the men ran into Clarence Loggins, a resident of the apartment complex. Loggins and Sapp greeted one another with a brief hug, at which time Loggins felt a gun in Sapp's waistband. Sapp then asked Loggins if he had seen the victim, Christopher "Peanut" Smith.

That same evening, one of the victim's neighbors was outside smoking a cigarette when he saw a man dressed in all black talking on a cell phone. The man walked by the neighbor's apartment and then turned a corner. Moments later, the neighbor heard a gunshot and saw shadowy figures near the direction of the noise. The neighbor then heard a second gunshot after which Smith yelled, "Here, take it all." At that time, the witness saw a man in all black by his apartment. The neighbor went inside his residence and called 911, then exited again after hearing Smith moaning outside. He found the victim lying on the ground with a gunshot wound to the back. Smith was taken to Camden Medical Center where he later died of his injury.

Shortly after the murder, Sapp and Bell drove to the house of their nephew, Telvis Brown. Brown recalled that Sapp was dressed in all black, had a black bandana tied around his face, appeared nervous and sweaty, and, upon his arrival, removed a fresh set of clothes from a book bag and changed. The men left the bag with Brown and then drove off. Brown later opened Sapp's bag and removed two guns. He set them on a dresser, took a picture of them and sent it to his girlfriend; this photograph was admitted at trial. Sapp called Brown two more times, first warning him not to say anything about what had occurred, then later informing Brown that he would come back to the house to pick up his book bag.

During their investigation, law enforcement recovered the victim's white t-shirt, three .40-caliber shell casings at the scene, and later, obtained the black jeans worn by Sapp on the night of the crime. The State presented testimony from a firearms expert who concluded that all three casings were fired from the same firearm, likely a Glock or Smith & Wesson .40-caliber pistol. The expert further opined that the two guns in the photograph taken by Brown were consistent in appearance with Glock handguns. The State also called the micro-analyst who examined both Sapp's jeans and Smith's white t-shirt; she

concluded that a fiber discovered on the victim's shirt was consistent with fibers from Sapp's black jeans.

Video surveillance footage obtained from the apartment complex from the night of the murder showed Sapp and Bell's arrival. Sapp is seen wearing all black and walking around the property carrying a book bag. The video also captured the initial confrontation between Sapp and Smith.

Sapp spoke with police telling varying versions of what had occurred on the night of Smith's murder. Though he denied being involved in the incident, he admitted carrying a book bag onto the property, being on the property with his brother;, wearing a long sleeve black shirt and dark jeans, and hearing gunshots the night Smith was murdered.

Based on the foregoing, we find that the evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Sapp was guilty of the crimes for which he was convicted. See Jackson, 443 U. S. 307.

Judgment affirmed. All the Justices concur.

Decided March 20, 2017.

Murder. Camden Superior Court. Before Judge Harrison.

Sean K. Scally, for appellant.

Jacquelyn L. Johnson, District Attorney, Andrew J. Ekonomou, Assistant District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Vanessa T. Meyerhoefer, Assistant Attorney General, for appellee.