304 Ga. 846
FINAL COPY

S18A1195. SOLOMON v. THE STATE.

BLACKWELL, Justice.

Jermario Solomon was tried by a Fulton County jury and convicted of murder, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon in connection with the fatal shooting of Curtis Pinkney.[1] Solomon appeals, contending that the evidence is legally insufficient to sustain his convictions, that the trial court abused its discretion when it denied his motion for severance, and that the trial court erred

---

[1] Pinkney was killed on October 7, 2011. On January 3, 2012, a Fulton County grand jury indicted Solomon and Slyrika Arnold for malice murder, felony murder (two counts), aggravated assault with a deadly weapon, and unlawful possession of a firearm during the commission of a felony. Solomon and Arnold were indicted separately for unlawful possession of a firearm by a convicted felon. Solomon and Arnold stood trial together on both indictments beginning on February 25, 2013, and a jury found them both guilty on all counts. On February 28, 2013, the trial court sentenced Solomon to imprisonment for life for malice murder, and it imposed consecutive five-year sentences for the two firearm offenses. The trial court purported to merge the two counts of felony murder (although they actually were vacated by operation of law), and it properly merged the aggravated assault into the malice murder. Solomon filed a motion for new trial on March 4, 2013 (later amended on March 17, 2014, through new counsel). After a hearing, the motion for new trial was denied on October 6, 2017. The trial court granted Solomon's motion for leave to file an out-of-time appeal on March 22, 2018, and Solomon filed a notice of appeal on March 28, 2018. This case was docketed to the August 2018 term of this Court and submitted for a decision on the briefs.

when it charged the jury. After reviewing the record and briefs, we find no error, and we affirm.

1. Viewed in the light most favorable to the verdict, the evidence presented at trial shows that a few days prior to October 7, 2011, Pinkney and his friend, Deronte Kendall, got into an argument with Solomon's girlfriend at a Chevron gas station in southwest Atlanta. On October 7, Solomon threatened Pinkney over the dispute. That evening, Solomon and his brother, Slyrika Arnold — both convicted felons — walked to the same Chevron, each with a loaded handgun.

Upon arrival, Solomon entered the Chevron, while Arnold walked to a restaurant next door. Shortly thereafter, Pinkney and Kendall — both unarmed — entered the Chevron to purchase beer. Solomon started to argue with Pinkney. While he tried to entice a reluctant Pinkney to fight him, Solomon visibly kept his hand on his loaded handgun. Finally, Pinkney agreed to fight Solomon but not while he had a firearm. When Solomon and Pinkney agreed to fight, Solomon handed the firearm to Arnold (who had entered the Chevron while Solomon and Pinkney were arguing), and Arnold put the weapon in his pocket. Pinkney and Solomon then began to fight. As soon as the fight began, Arnold pulled out his own firearm and pointed it at Pinkney throughout the

fight. Pinkney gained the upper hand in the fight and knocked Solomon to the floor. At this point, Arnold shot Pinkney in the side with his firearm. Pinkney later died as a result of the gun shot. Arnold and Solomon fled the scene together. When he was interviewed by investigators, Solomon falsely blamed Kendall for the shooting. The Chevron's surveillance cameras captured the fight and shooting.

Solomon asserts on appeal that the evidence is not legally sufficient to sustain his convictions because the evidence failed to show he aided or abetted Arnold when Arnold shot Pinkney. Solomon argues that the evidence shows only that he was a mere bystander when Arnold murdered Pinkney, which would not be sufficient to sustain his conviction. See Ellis v. State, 292 Ga. 276, 278 (1) (736 SE2d 412) (2013). But we have reviewed the record of Solomon's trial (including the surveillance videos), and we conclude that the evidence is legally sufficient to authorize a rational jury to find beyond a reasonable doubt that he is guilty of the crimes of which he was convicted. See Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). The evidence shows that earlier in the day, Solomon threatened to harm Pinkney. Solomon and Arnold then traveled, with loaded handguns, to a location at which they knew Pinkney was likely to be found. When Solomon

fought with Pinkney, Arnold — who remained armed — watched over them and shot Pinkney when Solomon was knocked down. After the murder, they both fled the scene together, and after being arrested, Solomon lied to protect Arnold. "Whether a person was a party to a crime can be inferred from his presence, companionship and conduct before and after the crime was committed." (Citation and punctuation omitted.) Ellis, 292 Ga. at 278 (1). See also Green v. State, 302 Ga. 816, 817 (1) (809 SE2d 738) (2018) (evidence was sufficient to show defendant was a party to malice murder when defendant and victim engaged in fight and defendant's friend then shot the victim); Smith v. State, 277 Ga. 95, 95-96 (586 SE2d 629) (2003) (evidence was sufficient to show defendant was a party to the crime of felony murder when defendant was part of a group that ambushed the victim, although another member actually shot the victim). Further, Solomon and Arnold are brothers, and this Court has found that "where the crimes involve relatives [with close relationships], slight circumstances can support the inference that the parties colluded." (Citation and punctuation omitted.) Ellis, 292 Ga. at 279 (1). A rational jury could conclude, based on Solomon's conduct before, during, and after the crimes, that he shared his brother's criminal intent and was, therefore, guilty as a party to the crime.

2. Next, Solomon contends that the trial court abused its discretion when it denied his pretrial motion to sever his trial from Arnold's. A trial court has broad discretion to determine whether to grant or deny a motion for severance in a murder case in which the death penalty is not sought. Butler v. State, 290 Ga. 412, 413 (2) (721 SE2d 876) (2012); OCGA § 17-8-4 (a). In such a case, a trial court examines three factors to determine whether a trial of co-defendants should be severed: "(1) the likelihood of confusion of the evidence and law; (2) the possibility that evidence against one defendant may be considered against the other defendant; and (3) the presence or absence of antagonistic defenses." (Citation omitted.) Blackledge v. State, 299 Ga 385, 387 (2) (788 SE2d 353) (2016). A defendant seeking severance is required to show that a joint trial would lead to prejudice and a denial of due process, not simply raise the possibility of acquittal. Id. Here, Solomon argues that, because the evidence against Arnold was so overwhelming, there was a "spillover effect" that led the jury to misperceive that Solomon is more culpable than he actually is.

Solomon has failed to show, however, that the trial court abused its discretion in denying his motion for severance. The applicable law was the same for Solomon and Arnold, and Arnold did not present an antagonistic

defense. In addition, the mere fact that the evidence against Arnold may have been stronger does not lead to the conclusion that evidence against Arnold had an impermissible "spillover effect" as to Solomon. Had Arnold and Solomon been tried separately, substantially the same evidence would have been introduced at both trials. The eyewitness accounts and video evidence were admissible against both Solomon and Arnold. Further, "the fact that the evidence as to one of two co-defendants is stronger does not demand a finding that the denial of a severance motion is an abuse of discretion, where there is evidence showing that the defendants acted in concert." Strozier v. State, 277 Ga. 78, 81 (4) (b) (586 SE2d 309) (2003). Thus, Solomon's argument that there was a "spillover effect" is unavailing, and we find no error in the trial court's decision to deny severance.

3. Solomon also contends that the trial court erred in several respects when it charged the jury. In particular, he claims that the trial court gave an erroneous instruction on aggravated assault. But the aggravated assault merged with the murder, and Solomon was not convicted of aggravated assault. Accordingly, his claim of error with respect to the instruction on aggravated assault is moot. See Nicely v. State, 291 Ga. 788, 795 (3) (733 SE2d 715) (2012) ("Because merger renders a conviction void, any error as to the

aggravated assault count is harmless.") (Citation and punctuation omitted.).

See also John v. State, 282 Ga. 792, 795 (5) (653 SE2d 435) (2007) (complaint regarding jury instruction on felony murder was moot because the defendant was convicted of malice murder).

Solomon also claims that the trial court erred when it refused to charge the jury on involuntary manslaughter predicated on simple assault and involuntary manslaughter predicated on simple battery as lesser offenses included in the murder of which he was convicted, and he points to his fist fight with Pinkney as the basis for charging the jury on these lesser offenses. The trial court, however, did not err by refusing these charges. In the first place, the indictment explicitly charged Solomon with murder based upon the shooting of Pinkney, not a beating of Pinkney. For that reason, the theories of involuntary manslaughter that Solomon urges were not, in fact, included within the scope of the murder with which he was charged and of which he was convicted. See Turner v. State, 281 Ga. 487, 489 (2) (640 SE2d 25) (2007). Moreover, the evidence was undisputed (and the video recording confirmed) that Pinkney consented to the fist fight, and it was, therefore, neither a simple assault nor a simple battery. See Hawkins v. State, 13 Ga. 322, 324 (1) (1853). See also Robert E. Cleary, Jr., Ga. Criminal Offenses and Defenses, Battery

(VIII) (A) (Simple Battery) (2018 ed.) ("[I]t is a common law defense to simple battery that the victim consented to the physical contact."); <u>Anthony v. State</u>, 303 Ga. 399, 401 (1) (811 SE2d 399) (2018) (drawing distinction between conduct amounting to affray and conduct amounting to assault and battery). There was no evidentiary basis for the lesser offenses on which Solomon sought to have the jury charged.[2]

<u>Judgment affirmed. All the Justices concur</u>.

---

[2] Solomon also argues that the trial court should have charged on reckless conduct as a lesser included offense. To the extent he is claiming that it was error to refuse a charge on reckless conduct as a lesser offense included in aggravated assault, his claim is moot because he was not convicted of aggravated assault. To the extent he claims that reckless conduct is a lesser offense included in murder, it is not, except as the basis for an involuntary manslaughter instruction. See <u>Simmons v. State</u>, 266 Ga. 223, 229 (7) (b) (466 SE2d 205) (1996), overruled on other grounds in <u>Wall v. State</u>, 269 Ga. 506 (500 SE2d 904) (1999).

Decided January 22, 2019.

Murder. Fulton Superior Court. Before Judge Newkirk.

Chaunda Brock, for appellant.

Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Stephany J. Luttrell, Kevin C. Armstrong, Burke O. Doherty, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General, for appellee.