305 Ga. 640
FINAL COPY

S19A0250.  DAVIS v. THE STATE.

BLACKWELL, Justice.

Appellant Robert Maurice Davis was tried by a Newton County jury and convicted of the murders of his wife, Bernadene Lebert-Davis, and his son, Robert-Kellie Davis, as well as possession of a firearm during the commission of a felony. He appeals, contending that the trial court erred when it allowed the lead investigator to testify about a brief delay in his custodial interview.[1] Upon our review of the record and briefs, we find no error, and we affirm.[2]

---

[1] Appellant also contends that his conviction for family violence aggravated assault upon his son is void, but as we explain in footnote 2 below, the aggravated assault upon his son merged with the murder of the son. Appellant was not, therefore, actually convicted of aggravated assault, and any claim of error about the aggravated assault is moot. See Solomon v. State, 304 Ga. 846, 849 (3) (823 SE2d 265) (2019).

[2] Appellant's wife and son were killed in September 2015. A grand jury indicted Davis in December 2015, charging him with two counts each of murder with malice aforethought, murder in the commission of a felony, family

1. Viewed in the light most favorable to the verdict, the evidence presented at trial shows that Appellant called his boss on the afternoon of September 17, 2015 and said that he had shot his wife and son. Both Appellant and his boss then contacted law enforcement. Officers responded to the Davis family home, where they found the bodies of Appellant's wife and son. His wife was upstairs and had sustained a gunshot wound to her forehead. His son was in the garage and had sustained a gunshot wound to his back. The responding officers also found a handgun in the home.

Appellant told an investigator that he and his wife had gotten into an argument and physical altercation because he had not paid

violence aggravated assault, and possession of a firearm during the commission of a felony, as well as a single count of aggravated stalking. Appellant was tried in August 2016, and the jury acquitted him of aggravated stalking but found him guilty on all other counts. The trial court sentenced Appellant to two concurrent terms of imprisonment for life without the possibility of parole for the malice murder counts and consecutive terms of imprisonment for five years for possession of a firearm during the commission of a felony. The verdicts as to the felony murder counts were vacated as a matter of law, and the aggravated assaults merged into the malice murders. Appellant timely filed a motion for new trial, which he amended in December 2017. The trial court denied the motion for new trial in July 2018, and Appellant timely filed a notice of appeal. The case was docketed in this Court to the term beginning in December 2018 and submitted for a decision on the briefs.

the water bill and because his wife was cheating on him. Appellant said that his wife hit him with a perfume bottle, threatened to kill him, and then called for their son to help subdue him. According to Appellant, his son attacked him in an upstairs bedroom, but Appellant eventually broke away, went downstairs, and grabbed a handgun. Appellant said that he then climbed halfway up the stairway, and the gun discharged as he was trying only to scare his wife. At that point, he turned, he said, and shot his son as the son ran through the kitchen toward the garage. The investigator observed that Appellant had sustained a minor injury to his head but had no other visible injuries.

Further investigation contradicted Appellant's account. Officers found no line of sight from the stairway to the kitchen, and they found no evidence of an altercation in the upstairs bedroom. The medical examiner concluded that the son had been shot through his spinal cord, which would have caused immediate paralysis, leaving him unable to run into the garage if he had, in fact, been shot in the kitchen as Appellant claimed. Moreover, an examination

of the crime scene revealed the son's blood in the garage, but none in the kitchen.

Officers also learned that Appellant had purchased a handgun about a month before the shooting. Text messages recovered from his wife's phone indicated that Appellant and his wife had been arguing about infidelity and financial difficulties related to his use of cocaine. And Appellant had a history of violence toward his wife and son, including an incident in July 2015 that led to his arrest for domestic violence against his wife.

Appellant does not dispute that the evidence is legally sufficient to sustain his convictions. But consistent with our usual practice in murder cases, we have reviewed the record to assess the legal sufficiency of the evidence for ourselves. We conclude that the evidence adduced at trial is sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Appellant is guilty of the crimes of which he was convicted. Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant claims the trial court erred when it allowed the

lead investigator to testify about a brief delay in his interview of Appellant. At the outset, the investigator read the <u>Miranda</u> warnings[3] to Appellant, and Appellant agreed to submit to an interview and executed a written waiver of his rights. But after signing the waiver, Appellant asked the investigator if he needed a lawyer and suggested that he needed someone to advise him. The investigator explained that, if Appellant wanted a lawyer, the interview would have to stop. Appellant then said that he wanted to continue with the interview. The investigator nevertheless discontinued the interview for approximately 22 minutes. During that time, the investigator left the interview room and consulted with the office of the district attorney about how to proceed. He then returned to the interview room, read the <u>Miranda</u> warnings again, and after Appellant confirmed that he wanted to go forward with the interview, proceeded to question Appellant.

The investigator made a video recording of the interview, and

---

[3] See <u>Miranda v. Arizona</u>, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

the prosecution offered the recording as evidence at trial. In connection with its presentation of the recording, the prosecution asked the investigator to explain the 22-minute gap in the recording that coincided with the investigator leaving the interview room to consult with the office of the district attorney. The investigator testified that, in light of Appellant's statements about a lawyer, he had stopped to consult with the office of the district attorney "to make sure it was good to go back in and interview [Appellant] due to him saying he wanted to talk." Appellant made no contemporaneous objection to this testimony.

Appellant claims on appeal that the testimony to explain the 22-minute gap was inadmissible hearsay and unduly prejudicial, inasmuch as it implied that the district attorney thought that his submission to an interview was voluntary. He concedes that this claim can be reviewed only for plain error since he failed to make a contemporaneous objection in the trial court. See Benton v. State, 301 Ga. 100, 103 (4) (799 SE2d 743) (2017). To establish plain error, Appellant must show (1) an error that was not affirmatively waived,

(2) that the error was "clear and obvious," and (3) that the error affected his "substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings." Id. (citation and punctuation omitted). If Appellant made such a showing, we would have discretion to remedy the error, but "only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation and punctuation omitted). Appellant, however, has failed to make the threshold showing.

To begin, the testimony about which Appellant complains is not hearsay because it was admitted not for the truth of the matter allegedly asserted — that the statement he gave in his interview was voluntary (at least in the eyes of the district attorney) — but rather for the purpose of explaining the gap in the recording. See Carter v. State, 302 Ga. 200, 204 (2) (b) (805 SE2d 839) (2017). Moreover, Appellant has failed to show that the testimony was unduly prejudicial. The testimony was relevant to explain the gap, and the investigator did not reveal exactly what the office of the

district attorney said to him. At best, the testimony merely implied that the district attorney had determined that the investigator could proceed with the interview (although perhaps only after the <u>Miranda</u> warning was repeated and Appellant again agreed to an interview). We are unconvinced that the testimony tainted the jury's consideration of the voluntariness of the statement. Finally, even if Appellant could show the testimony was inadmissible, he has failed to demonstrate that its admission affected the outcome of the proceedings. Even without the testimony about the investigator consulting with the district attorney, ample evidence — including the video recording of the interview — was presented to show that the statement Appellant gave in his interview was voluntary. For these reasons, Appellant has not shown plain error.[4]

---

[4] Appellant also argues that he was denied the effective assistance of counsel when his lawyer failed to make a contemporaneous objection to this testimony. But as we have explained, we find no error in the admission of this testimony, and the failure to raise a meritless objection cannot serve as grounds for an ineffective assistance of counsel claim. See <u>Young v. State</u>, 305 Ga. 92, 97 (5) (823 SE2d 774) (2019). See also <u>Williams v. State</u>, 304 Ga. 455, 460 n.4 (818 SE2d 653) (2018) (holding that "the test for harm under plain error review is equivalent to the test in ineffective assistance of counsel cases for whether an attorney's deficient performance has resulted in prejudice of

Judgment affirmed. All the Justices concur.

Decided April 15, 2019.

Murder. Newton Superior Court. Before Judge Ozburn.

Howard W. Anderson III, for appellant.

Layla H. Zon, District Attorney, Amber R. Bennett, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason M. Rea, Assistant Attorney General, for appellee.

---

constitutional proportions" (citation and punctuation omitted)).